IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ROBERT WAYNE BLEVINS, #1198449 § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-172 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TDCJ-CID § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on April 2, 2007, recommending that Petitioner's federal habeas corpus petition be dismissed without prejudice for failing to exhaust his state court remedies. Petitioner filed his Objections to the Report and Recommendation in a timely manner (Instrument No. 8), and then filed a "Supplemental Amendment" to his Objections. (Instrument No. 9). Attached to Petitioner's collective Objections is a "Motion for Leave to Hear Applicant's Art. 11.07 Writ of Habeas Corpus With Memorandum in Support," along with two copies of what appears to be a memorandum in support of his federal habeas corpus petition. (Instrument No. 10).

In his Objections, Petitioner contends that he faces a procedural dilemma if the Court dismisses his federal petition without prejudice and he relies upon the Supreme Court's decision in *Rhines* to urge the Court to Stay and Abate his federal habeas corpus petition while he exhausts his state remedies. Petitioner asserts that "his AEDPA statute of limitations time period is upon him" and "[a]s soon as the State of Texas concludes their habeas review, [he] would be time-barred and unable to proceed or even have the opportunity to be permitted federal habeas review."

Pet'r Supplemental Obj. at 5.  He also contends that "his constitutional claims and grounds," which include claims of ineffective assistance of trial counsel, prosecutorial misconduct, abuse of discretion by the trial court, and ineffective assistance of appellate counsel (Fed. Writ Pet. at 7-8), "are meritorious and by no means [are there] any sort of intentional litigation tactic [on his part] to delay litigation." Pet'r Supplemental Obj. at 5.  Petitioner requests that the Court stay and abate his federal action and allow him 90 days "to perfect his federal habeas corpus petition after the State of Texas concludes his State habeas corpus review." *Id*. at 6.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust all state remedies before filing a federal write of habeas corpus by presenting them to a state's highest court.  28 U.S.C. § 1154(b)(1)(A); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  In Texas, this means Petitioner was required to file a writ pursuant to Article 11.07 of the Texas Code of Criminal Procedure or present all of the instant claims to the Texas Court of Criminal Appeals ("TCCA") in his Petition for Discretionary Review ("PDR").  *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Whitehead*, 157 F.3d at 387.  If all the claims stated in a federal habeas petition do not satisfy the exhaustion requirement, the entire petition must normally be dismissed as a "mixed petition" for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Based on the allegations contained in his federal habeas corpus application, Petitioner contends that the TCCA refused his PDR on December 21, 2005.  Assuming the facts are as Petitioner alleges, his conviction would not have become final until his time for review ended, which, unless the direct review process ended before then, would normally include the time for filing a

petition for certiorari. Petitioner alleges that he filed his first state habeas corpus writ on February 14, 2007, and the state court dismissed his writ on March 14, 2007, because he had failed to adhere to state procedural requirements. Since Petitioner's state writ was dismissed, as opposed to denied, there has been no final disposition of his claims in state court and, under Texas law, it does not appear that Petitioner would be automatically precluded from presenting these issues in a subsequent writ. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) (a dismissal, as opposed to a denial, is not considered a final disposition on the merits); *see also Ex parte Barber*, 879 S.W.2d 889, 891 (Tex.Crim.App. 1994) (court held "good cause exists for hearing second writ of habeas corpus where point of error has been previously raised by applicant in a writ of habeas corpus but was not decided upon by court, and is again raised in subsequent writ."). In apparent reliance on this Texas case law, Petitioner contends that, on or around March 28, 2007, he re-filed his state court habeas writ in accordance with state procedural rules and that his state writs should be currently pending review before the Texas court.

In the Report and Recommendation, the Magistrate Judge recommended that Petitioner's federal writ be dismissed without prejudice as he had not yet exhausted any of his state court remedies. Assuming the facts are as Petitioner alleges, dismissal of the entire Petition would appear to pose a potentially fatal dilemma for Petitioner. Although the AEDPA's statutory period is tolled while a properly-filed state writ is pending, it is not tolled while the instant federal Petition has been before this Court. *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999). Therefore, to the extent the instant Petition is dismissed, it is likely that any subsequent federal petition would be time barred.

3

Like many appellate courts, the Fifth Circuit has held that it is within a federal court's discretion to abate a habeas petition where dismissal without prejudice would effectively result in the denial of all federal review.  *Brewer v. Johnson,* 139 F.3d 491 (5th Cir. 1998).  In fact, the Supreme Court in *Rhines* clarified that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  In his Objections, Petitioner suggests that he was not able to pursue his claims because the state interfered with his right to pursue relief from his conviction.  Furthermore, in reviewing Petitioner's federal habeas corpus application, his claims do not appear on the face of the pleadings to be plainly meritless, nor does it appear that he "engaged in intentionally dilatory litigation tactics."  *Rhine*, 544 U.S. at 278.  This Court, therefore, concludes that Petitioner's instant writ should be held in abeyance and the proceedings stayed to permit Petitioner to return, if he has not already done so, to the state courts to exhaust his claims.

Nevertheless, the Court recognizes that a federal habeas action should not be stayed indefinitely and a federal district court is thereby permitted to "place reasonable time limits on a petitioner's trip to state court and back."  *Rhines*, 544 U.S. at 277-78 (implicitly recognizing a normal time period is 30 days).  Accordingly, as set forth in more detail below, this Court expressly conditions its granting of the stay and abeyance on Petitioner pursuing his state court remedies within 30 days after the stay is entered <u>and</u> returning to federal court within 30 days after the state court exhaustion is completed.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court declines to accept the Report and Recommendation and concludes that, subject to the conditions set forth below, Petitioner's request that this Court Stay and Abate his federal habeas corpus petition is **GRANTED**, however, his request that it include 90 days for him to return to federal court once his claims are exhausted in state court is **DENIED**.

Accordingly, the Court **ORDERS** that Petitioner's request to Stay his federal habeas corpus petition is **GRANTED** <u>subject to</u> the following conditions:

(1) Petitioner must have his state court post-conviction writ(s) filed within 30 days of the date of this Order. If Petitioner fails to do so by that date, the Court will dismiss the present Petition without prejudice;

(2) If Petitioner has filed his state court post-conviction writ(s), he shall notify this Court that such motion papers have, in fact, been filed in state court. It is not necessary for Petitioner to submit or file his entire state court post-conviction writs with this Court. The instant case shall then be held in abeyance pending the completion of his state court post-conviction remedies of these claims;

(3). After exhaustion of the state court claims, Petitioner must then move to reopen his federal habeas corpus Petition and file an amended Petition, which includes his now exhausted claims, within 30 days after the conclusion of the state court post-conviction proceedings; and

(4) If Petitioner fails to comply with any of these conditions in a timely manner, the Court **NOTIFIES** Petitioner that it will dismiss the present Petition without prejudice.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order shall be considered a dismissal or

disposition of this matter. The Court also **ADVISES** Petitioner that nothing in this Order shall be construed as a determination as to the timeliness of his federal habeas corpus petition under the provisions of the AEDPA.

    **DONE** at Galveston, Texas this 10th day of May, 2007.

                                                Samuel B. Kent
                                                United States District Judge